AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| v. ) | Case No. 5:19-MJ-44(ATB) |
| JOVAUN P. CLARK ) | |
| a/k/a Inch ) | |
| ) | |
| ) | |
| ) | |
| Defendant, ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of January 8, 2019 and January 17, 2019 in the county of Onondaga in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 26 U.S.C. § 5861(d) | Possession of Unregistered Machinegun (two counts) |

This criminal complaint is based on these facts:
See attached Affidavit in Support of Criminal Complaint

☒   Continued on the attached sheet.

_____
*Complainant's signature*

Richard Gardinier, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 1/30/2019

_____
*Judge's signature*

City and State:   Syracuse, New York         Hon. Andrew T. Baxter, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR Northern District of New York

**United States v. Jovaun Clark**

Case No. 5:19-mj-44 (ATB)

**Filed Under Seal**

## AFFIDAVIT IN SUPPORT OF
## A CRIMINAL COMPLAINT

I, Richard Gardinier, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of a criminal complaint charging Jovaun CLARK with violating Title 26, United States Code, Section 5861(d), possession of firearms (machine guns) not registered to him in the National Firearms Transfer Record (2 counts).

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been since January 2, 2017. I attended the Federal Law Enforcement Training Center (FLETC), located in Glynco, Georgia, where in I was enrolled in and successfully completed both Criminal Investigator Training Program (CITP) and Special Agent Basic Training (SABT). During the course of my training, I received instruction on physical surveillance, interviewing sources of information and defendants, reviewing telephone and financial records, applying for and serving search warrants, firearms trafficking, etc.

3. Prior to my time with ATF, I was employed by the United States Secret Service, Uniformed Division (USSS/UD) for four years. I was enrolled in and successfully completed the Uniformed Police Training Program (UPTP) at FLETC, as well as New Officer Training with the USSS/UD, located in Beltsville, Maryland.

4. I am an investigative, or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510 (7), that is, an officer of the United States

who is empowered by law to conduct investigations of and make arrests for the offenses enumerated in Title 18, 21 and 26, United States Code. As an ATF Special Agent, I am authorized to seek and execute federal arrest and search warrants for Title 18 criminal offenses, and Title 26 offenses, related to the unlawful possession and/or transfer of firearms.

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is probable cause for the requested search warrant and does not set forth all of my knowledge about this matter.

6. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that Jovaun CLARK has violated Title 26, United States Code, Section 5861(d) by possessing two firearms (machine guns) as defined in Title 26, United States Code, Section 5845(b), not registered to him as required by law.

Count One-January 8, 2019 Possession of Unregistered Machinegun-26 U.S.C. § 5861(d)

7. During December 2018, your Affiant met with an ATF Confidential Informant (CI). This CI has provided information which has been independently verified to be reliable and credible in the past. The CI informed your Affiant of a suspected firearms dealer whom the CI met through another person. The CI indicated the suspected firearms dealer was a male, whose identity was initially unknown, but who was subsequently identified as Jovaun CLARK.

8. On January 8, 2019, the CI was searched and found to possess no contraband, to include narcotics, firearms, ammunition or money. The CI was then provided with an amount of pre-recorded government funds for the pre-arranged purchase of firearms. Additionally, the CI

2

was outfitted with multiple recording and transmitting devices to capture the transaction both in audio and video format. The CI was observed as he/she traveled with another person to 1300 Spring Street, Syracuse, New York and entered the downstairs apartment. Additionally, this information was corroborated utilizing surveillance equipment worn by the CI during the interaction.

9. Upon entering the apartment, the CI met with an Hispanic male subject (H.M.S. 1), who placed a call to Jouvan CLARK confirming he was arriving at the pre-arranged time to conduct the sale of firearms to the CI. After a period of time, a taxi cab was observed by surveillance units approaching the address of 1300 Spring Street. A black male (Jouvan Clark) was observed exiting the vehicle and entering the downstairs apartment of 1300 Spring Street, Syracuse, New York, wherein he met with H.M.S. 1 and the CI.

10. CLARK produced two (2) pistols from his waistband, which he indicated he would sell to the CI. Additionally, CLARK indicated one of the pistols, a tan colored .40 caliber, bearing no serial number, had been altered to fire automatically, rather than semi-automatically. CLARK also provided a quantity of ammunition as part of the sale. The CI provided CLARK with an amount of pre-recorded government funds for the purchase of the two (2) firearms.

11. CLARK then departed the apartment at 1300 Spring Street, Syracuse, New York and was surveilled as he traveled, in the taxi he arrived in, to the vicinity of 735 East Laurel Street, Syracuse, New York, at which time further surveillance would have been detrimental to the investigation.

12. The CI then departed and was surveilled by officers and agents as the CI exited the apartment, returned to his/her vehicle and subsequently returned to meet your Affiant, as well as Special Agent Colin Grosser. Following the transaction, the CI was searched wherein no

3

contraband, to include narcotics, firearms (other than those involved in the controlled purchase), ammunition or money, was found.

13. The CI provided me with the following; two (2) unserialized pistols bearing no make, model, manufacturer or serial number, both of which appeared to be 40 caliber, two (2) rounds of Hornady 40 caliber ammunition, nineteen (19) rounds of Winchester 40 caliber ammunition. One of the pistols, which was black and tan in color, was affixed with what appeared to be a Glock brand "auto-switch" on the rear of the slide, which allegedly enables the pistol to fire more than one round with a single pull of the trigger. This would subsequently classify it as a machine gun, pursuant to 26 U.S.C. § 5845(b), and subject to required registration in the National Firearms Transfer Record pursuant to the National Firearms Act (NFA). The pistol was "function-tested" by your Affiant, and observed by Special Agent Louis Saffioti, in the ATF Syracuse Field Office, both of which determined the firearm to function as fully-automatic. Subsequently, this firearm was submitted for examination to the Wallie Howard, Jr. Center for Forensic Science in Syracuse, New York. Firearms Examiners there determined that this firearm did fire as a fully automatic machine gun. As such, it is a machine gun defined in 26 U.S.C. Section 5845(b), and is required to be listed in the National Firearm Transfer Record. A search of the National Firearms Transfer Record shows that Jovaun Clark has not registered this firearm as required by law.

## Count Two-January 17, 2019, Possession of Unregistered Machinegun-26 U.S.C. § 5861(d)

14. On January 17, 2019, the CI met with your Affiant and indicated he received the phone number for CLARK from H.M.S.1, which was 315-960-2219. The CI placed a call to this

4

phone number in the presence of your Affiant, who recognized CLARK's voice at length by your Affiant on surveillance recordings. The consensually monitored phone call went to the voicemail, on which a male voice identical to CLARK's was heard.

15. On January 17, 2019, the CI was searched and found to possess no contraband, to include narcotics, firearms, ammunition or money. The CI was then provided with an amount of pre-recorded government funds for the pre-arranged purchase firearms. Additionally, the CI was outfitted with multiple recording and transmitting devices to capture the transaction both in audio and video format. The CI was observed as he/she traveled to 1300 Spring Street, Syracuse, New York and entered the downstairs apartment. Additionally, this information was corroborated utilizing surveillance equipment worn by the CI during the interaction.

16. Upon entering the apartment, the CI met with H.M.S.1, who placed a call to CLARK confirming he was arriving at the pre-arranged time to conduct the sale of firearms to the CI. After a period of time, a taxi-cab was observed by surveillance units arriving in the vicinity of 735 East Laurel Street. A male subject who was identified by surveillance units as CLARK was observed exiting the front door of 735 East Laurel Street, carrying a green and tan, military style back pack, and entering the taxi. The taxi was then observed as it proceed to 1300 Spring Street, Syracuse, New York. CLARK was observed exiting the vehicle and entering the downstairs apartment of 1300 Spring Street, Syracuse, New York, wherein he met with H.M.S.1 and the CI.

17. The CI advised that CLARK produced two (2) pistols and one (1) rifle from his backpack, which he indicated he would sell to the CI. Additionally, CLARK indicated one of the pistols had been altered to fire automatically, rather than semi-automatically. Furthermore, CLARK indicated in sum and substance he makes the firearms himself and puts the "chip" on

them. The CI provided CLARK with an amount of pre-recorded government funds for the purchase of the three (3) firearms.

18. CLARK then departed the apartment at 1300 Spring Street, Syracuse, New York and was surveilled as he traveled, in the taxi he arrived in, to 735 East Laurel Street, Syracuse, New York, wherein he was observed entering the front door.

19. The CI then departed and was surveilled by officers and agents as the CI exited the apartment, returned the vehicle and subsequently returned to meet your Affiant, as well as Special Agent Collin Grosser. Following the transaction, the CI was searched wherein no contraband, to include narcotics, firearms (other than those involved in the controlled purchase), ammunition or money, was found. The CI provided both with the following; two (2) unserialized pistols bearing no make, model, manufacturer or serial number, both of which appeared to be 9mm in caliber, four (4) rounds of PMC 9mm Luger ammunition, four (4) rounds of Remington 9mm Luger ammunition, one (1) unserialized gray rifle bearing no make, model, manufacturer or serial number, affixed with a barrel measuring approximately nine (9) inches in length. One of the pistols, which was black and gray in color, was affixed with what appeared to be a Glock brand "auto-switch" on the rear of the slide, which allegedly enables the pistol to fire more than one round with a single pull of the trigger. This would subsequently classify it as a machine gun and subject to the National Firearms Act (NFA), and subject to required registration in the National Firearms Transfer Record. The pistol was "function-tested" by your Affiant, and observed by SA Saffioti, in the ATF Syracuse Field Office, both of which determined the firearm to function as fully-automatic. Subsequently, this firearm was submitted for examination by the Wallie Howard, Jr. Center for Forensic Science in Syracuse, New York. Examination there determined that this firearm did fire as a fully automatic. It is a machine gun, as defined in 26

U.S.C. Section 5845(b), and is required to be listed in the National Firearm Transfer Record. A search of the National Firearms Transfer Record shows that Jovaun Clark has not registered this firearm as required by law.

20. I request the court authorize the filing of a criminal complaint alleging that Jovaun Clark has violated Title 26, United States Code, section 5861(d) (two counts) and issue an arrest warrant so that he may be brought to court for further proceedings in accordance with law.

### Sealing Request For This Application and Affidavit

21. I respectfully request that this Criminal Complaint and Affidavit be sealed until further order of this Court.

_____
Richard Gardinier
Special Agent

Subscribed to and sworn to before
me this 30th day of January, 2019

_____
Honorable Andrew T. Baxter
U.S. Magistrate Judge

7